<u>ORAL ARGUMENT SCHEDULED FOR FEBRUARY 1, 2019</u>

**Case No. 18-1051(L)**

**Consolidated Cases: 18-1052, 18-1053, 18-1054, 18-1055, 18-1056, 18-1061, 18-1062, 18-1064, 18-1065, 18-1066, 18-1067, 18-1068, 18-1088, 18-1089, 18-1105**

# United States Court of Appeals for the District of Columbia Circuit

MOZILLA CORPORATION, et al.

*Petitioners,*

v.

FEDERAL COMMUNICATIONS COMMISSION
and UNITED STATES OF AMERICA,

*Respondents.*

On Petition for Review of an Order
of the Federal Communications Commission

**REPLY BRIEF OF
INTERVENOR DIGITAL JUSTICE FOUNDATION
IN SUPPORT OF NEITHER PARTY**

Andrew Grimm
DIGITAL JUSTICE FOUNDATION
15287 Pepperwood Drive
Omaha, Nebraska 68154
(531) 210-2381
andrew@digitaljusticefoundation.org

Gregory Keenan
DIGITAL JUSTICE FOUNDATION
81 Stewart Street
Floral Park, New York 11001
(516) 633-2633
gregory@digitaljusticefoundation.org

# <u>TABLE OF CONTENTS</u>

Table of Authorities ..................................................................................2

Summary of Argument ..............................................................................4

Argument....................................................................................................5

   I. The FCC Does Not Respond to the Substance of the DJF's Arguments............5

   II. The DJF Did Not Need to Seek Reconsideration. .............................................6

   III. The DJF Does Not Raise New Issues...............................................................8

   IV.  Even if the FCC Were Right, Review Is Not Barred. ..................................10

Conclusion ...............................................................................................11

Certificate of Compliance with Type-Volume Limitations....................13

Certificate of Service ..............................................................................14

DIGITAL JUSTICE FOUNDATION
010001000100101001000110010001000100101001000100101001001001000110

1

# TABLE OF AUTHORITIES

**Cases**

*AT&T Corp. v. FCC,
   394 F.3d 933 (D.C. Cir. 2005)..................................................................6, 7

Cal. Pub. Broad. Forum v. FCC,
   752 F.2d 670 (D.C. Cir. 1985)....................................................................7

Citizens to Preserve Overton Park, Inc. v. Volpe,
   401 U.S. 402 (1971). .................................................................................4

Conn. Dep't of Pub. Util. Control v. FCC,
   78 F.3d 842 (2d Cir. 1996). ......................................................................5

FCC v. Fox TV Stations, Inc.,
   556 U.S. 502 (2009). .................................................................................4

Ill. Bell Tel. Co. v. FCC,
   911 F.2d 776 (D.C. Cir. 1990)...................................................................8

M2Z Networks, Inc. v. FCC,
   558 F.3d 554 (D.C. Cir. 2009)...................................................................9

MCI Telecomm. Corp. v. FCC,
   10 F.3d 842 (D.C. Cir. 1993)..................................................................6, 7

Meredith Corp. v. FCC,
   809 F.2d 863 (D.C. Cir. 1987).................................................................10

Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.,
   463 U.S. 29 (1983). ...................................................................................4

Nw. Ind. Tel. Co. v. FCC,
   872 F.2d 465 (D.C. Cir. 1989).................................................................10

*Synovus Financial Corp. v. Board of Governors,
   952 F.2d 426 (D.C. Cir. 1991)................................................... 7, 9, 10

U.S. Telephone Association v. FCC,
   188 F.3d 521, 531 (D.C. Cir. 1999). ........................................................7, 9

DIGITAL JUSTICE FOUNDATION

**Statutes**

28 U.S.C. § 2342(1). .................................................................................9

47 U.S.C. § 402(a). ..................................................................................9

DIGITAL JUSTICE FOUNDATION
010001000100101001000110010001000100101001000110010001000100101001000110

## SUMMARY OF ARGUMENT

1. The Digital Justice Foundation ("DJF") is not procedurally barred from challenging the Order's arbitrary-and-capricious transparency rule.

    a. No petition for reconsideration was necessary because the DJF challenges the Order's rationale.

    b. Petitioners challenge the entire Order as arbitrary and capricious. Thus, the DJF's challenge to a portion of the Order as arbitrary and capricious does not raise new issues.

2. The Order's vitiated transparency rule is arbitrary and capricious.

4

# **ARGUMENT**

## **I. The FCC Does Not Respond to the Substance of the DJF's Arguments.**

In its opening brief, the DJF explains why the Order's transparency rollback

is arbitrary and capricious:

(1)  The Order vitiates transparency without "consideration of the relevant

factors" in the statute.  See Citizens to Preserve Overton Park, Inc. v.

Volpe, 401 U.S. 402, 416 (1971), DJF Br. at 6-8.

(2)  The Order is irreconcilable: it relies on transparency to justify its

repeal of the conduct rules.  Then it guts transparency.  DJF Br. at 8-9.

(3)  The Order does not meet the "demand that it display awareness that it

*is* changing position" from the 2010 transparency rule.  See FCC v.

Fox TV Stations, Inc., 556 U.S. 502, 515 (2009) (emphasis in

original), DJF Br. at 10-11.

(4)  The Order "runs counter to the evidence," especially the evidence that

*the FCC itself* relied upon and adopted.  See Motor Vehicle Mfrs.

Ass'n v. State Farm Mut. Auto. Ins. Co., 463 U.S. 29, 43 (1983), DJF

Br. at 12-13.

The FCC does not respond to the substance of the DJF's arguments

anywhere in its brief.  See generally FCC Br.  Neither do Respondent-Intervenors.

See generally Joint Respondent-Intervenor Br., Goldstein Br.

5

DIGITAL JUSTICE FOUNDATION

Instead, the FCC's ***sole*** response is two procedural arguments:

(1) The FCC's *reconsideration* argument: The "Communications Act precludes review because Digital Justice did not first present those claims to the FCC in a petition for reconsideration."  FCC Br. at 103 n.30 (citing In re Core Commc'ns, Inc., 455 F.3d 267, 276-77 (D.C. Cir. 2006)).

(2) The FCC's *new-issues* argument: "Because these issues have not been raised by petitioners, Digital Justice 'is procedurally barred from arguing them.'"  Id. (quoting U.S. Tel. Ass'n v. FCC, 188 F.3d 521, 530 (D.C. Cir. 1999)).

For the reasons below, the FCC cannot evade the DJF's arguments by relying on these unfounded procedural points.


## II. The DJF Did Not Need to Seek Reconsideration.

The FCC's *reconsideration* argument is wrong.  Applying "section 405's exhaustion requirement would serve no purpose" here.  See Conn. Dep't of Pub. Util. Control v. FCC, 78 F.3d 842, 849 (2d Cir. 1996).

A petition for reconsideration is required for "***only*** those issues upon which the Commission has been afforded no opportunity to pass."  AT&T Corp. v. FCC, 394 F.3d 933, 938 n.1 (D.C. Cir. 2005) (emphasis added).  The FCC "***necessarily***

6

DIGITAL JUSTICE FOUNDATION
0100010001001010010011001000100010101001001100100010001001001001000110

had an opportunity to pass upon the ***validity of the rationale that it actually put
forth***." MCI Telecomm. Corp. v. FCC, 10 F.3d 842, 845 (D.C. Cir. 1993)
(emphasis added). Thus, this Court makes clear that reconsideration is ***not*** a
prerequisite to challenging "***faulty logic***." AT&T Corp., 394 F.3d at 938 n.1
(emphasis added).

Faulty logic is exactly what the DJF challenges. See, DJF Br. at 6 n.3
("internal inconsistencies in the FCC's reasoning"). The FCC ***necessarily*** had the
opportunity:

- To consider the validity of its rationale—namely that the Order
  irreconcilably relies on transparency to justify its repeal of the conduct
  rules, and then guts transparency. See DJF Br. at 9 ("This is an Order
  at odds with itself.").

- To consider the statute that it relies on as authority for a transparency
  rule. See DJF Br. at 7-8 (discussing 47 U.S.C. § 257).

- To consider whether its cost-benefit analysis makes any sense. See
  DJF Br. at 12-13.

The DJF presents no "novel legal or factual claims." See AT&T Corp., 394 F.3d at
938 n.1. Indeed, the DJF's arguments merely attack the Order's rationale, which
the FCC has necessarily had a chance to consider.

DIGITAL JUSTICE FOUNDATION
010001000100101001000011001000100010010100100001100100010001000101001001000110

The DJF challenges "the validity of the reasoning by which the Commission reached its decision." See MCI Telecomm. Corp., 10 F.3d at 846. Doing so does not require reconsideration. AT&T Corp., 394 F.3d at 938 n.1.


## III. The DJF Does Not Raise New Issues.

The FCC's _new-issues_ argument does not bar the DJF's challenge to the transparency rule.

First, the very case that the FCC cites, U.S. Telephone Association v. FCC, makes clear that this rule against new issues is "a ***prudential restraint*** rather than a jurisdictional bar." 188 F.3d at 531 (emphasis added).

Second, this prudential restraint against new issues applies where the intervenor's issues "had ***absolutely no substantive connection*** with the issues raised by the petition for review." Synovus Financial Corp. v. Board of Governors, 952 F.2d 426, 434 (D.C. Cir. 1991) (emphasis added) (discussed by U.S. Tel. Ass'n, 188 F.3d at 531). This permissive standard stems from "the statutory language regarding intervention, which requires ***merely*** that the intervenor would be ***aggrieved or adversely affected***."[1] See Cal. Pub. Broad. Forum v. FCC, 752 F.2d 670, 683 n.10 (D.C. Cir. 1985) (emphasis added).

---

[1] That the DJF is adversely affected by the transparency rollback is undisputed. The DJF has reliance interests—both for its own mission and for its members—on

DIGITAL JUSTICE FOUNDATION

The DJF's arguments obviously have "substantive connection with the issues raised by the petition[s] for review."  Petitioners argue that the Order is arbitrary and capricious because transparency, which the Order undermines, is the "cornerstone" of the Order's justification for repeal of the conduct rules.  Non-Government Pet'rs Br. at 56.  Petitioners also argue that the Order's transparency rule is too minimal to accomplish its goal of facilitating enforcement under existing laws.  Government Pet'rs Br. at 20-21.  The DJF makes similar points.  DJF Br. at 8-13.

In fact, the DJF is **_not_** raising new issues at all.  Cf. Ill. Bell Tel. Co. v. FCC, 911 F.2d 776, 786 (D.C. Cir. 1990) (establishing prudential restraint that "intervening party may join issue only on a matter that has been brought before the court by another party").

Petitioners challenge the **_entire_** Order as arbitrary and capricious, including the Order's transparency rule.  Government Pet'rs Br. at 15, 20, Non-Government Pet'rs Br. at 51, 55-56.  The DJF challenges a **_portion_** of the Order as arbitrary and capricious, namely the Order's transparency rule.  DJF Br. at 6-13.  Thus, the arbitrary-and-capricious nature of the Order's transparency rule "has been brought before the [C]ourt by another party."  The DJF does not raise new issues.

---

disclosures that the Order eliminated.  DJF Br. at x.  The FCC never challenges this fact.  See FCC Br. at 103 n.30.   The FCC challenges Petitioners' standing, see FCC Br. at 96-97, but does not challenge the DJF's standing, see generally id.

DIGITAL JUSTICE FOUNDATION

Simply put, the FCC's _new-issues_ argument does not apply because the DJF does not raise new issues.  Even if the DJF had raised new issues, this is clearly not a case where the DJF made arguments with "***absolutely no substantive connection*** with the issues raised by the petition[s] for review."  See Synovus Financial Corp., 952 F.2d at 434.  Thus, this prudential restraint does not apply to the DJF's arguments, let alone bar them.


## IV.  Even if the FCC Were Right, Review Is Not Barred.

If, _arguendo_, the FCC's arguments were valid, the DJF's concerns should _still_ be considered.

The FCC's procedural objections are "prudential only."  M2Z Networks, Inc. v. FCC, 558 F.3d 554, 558 (D.C. Cir. 2009), U.S. Tel. Ass'n, 188 F.3d at 531 ("a prudential restraint rather than a jurisdictional bar.").  Even if the DJF's arguments were "procedurally defective," this Court has held that such defects "would not prevent _**our**_ review."  Meredith Corp. v. FCC, 809 F.2d 863, 870 (D.C. Cir. 1987) (emphasis in original).[2]

---

[2] Meredith Corp. involved constitutional claims, but "Meredith Corp. […] does not ordain a different exhaustion regime for constitutional claims."  Nw. Ind. Tel. Co. v. FCC, 872 F.2d 465, 471 (D.C. Cir. 1989).

DIGITAL JUSTICE FOUNDATION
0100010001100101001000111001000100010010100100011001000100010010010001000110

The statute "which confers jurisdiction on this court, does not, by its terms, limit us to considering only the issues raised by the petitioner and the respondent." Synovus Financial Corp., 952 F.2d at 432, see also 47 U.S.C. § 402(a), 28 U.S.C. § 2342(1). Thus, even if the DJF's arguments were somehow barred, this Court should *still* review the Order's transparency rule.

Here, the Order's flawed rationale "undermined the legitimacy of its own rule." See Meredith Corp., 809 F.2d at 873. The FCC's rationale for vitiating the transparency rule is baffling: the Order applies the wrong statutory standard; is at odds with itself; misunderstands the 2010 transparency rule; and fails to accomplish its goals. DJF Br. at 6-13.

This Court should not put its imprimatur on an Order that calls "Sunlight […] the best of disinfectants," Order, ¶ 209 [JA003482], and then blocks out the sun.

## CONCLUSION

This Court should (1) vacate the Order's transparency rule, and (2) declare that the 2015 transparency rule remains in effect.[3]

---

[3] Also, the DJF agrees with Government Petitioners' preemption arguments, Government Pet'rs Br. at 39-56, and the FCC's classification arguments, FCC Br. at 29-57.

DIGITAL JUSTICE FOUNDATION

November 27, 2018                    Respectfully submitted
                                     */s/ Andrew Grimm*
                                     Andrew Grimm
                                     Gregory Keenan
                                     DIGITAL JUSTICE FOUNDATION
                                     15287 Pepperwood Drive
                                     Omaha, NE 68154
                                     (650) 422-8035
                                     andrew@digitaljusticefoundation.org

                                     *Counsel for the DJF*

DIGITAL JUSTICE FOUNDATION

## <u>CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATIONS</u>

Excluding the parts of the document exempted by Rule 32(f), this brief contains 1496 words.

This brief has been prepared in proportionally spaced typeface using Microsoft Word in Times New Roman, 14-point font.

*/s/ Andrew Grimm*
Andrew Grimm

13

DIGITAL JUSTICE FOUNDATION

## **CERTIFICATE OF SERVICE**

I hereby certify that, on November 27, 2018, I electronically filed the foregoing with the Clerk of this Court using this Court's CM/ECF system. Participants in this case who are registered CM/ECF users will be served by CM/ECF.

*/s/ Andrew Grimm*
Andrew Grimm

14

DIGITAL JUSTICE FOUNDATION